**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 98-4675

THOMAS M. TULLY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-98-120-A)

Submitted: May 25, 1999

Decided: June 3, 1999

Before ERVIN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Stanley Powell, Arlington, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Thomas J. Krysa, Special Assistant
United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas M. Tully appeals his conviction for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Tully's sole argument on appeal is that the district court erred in denying his motion to suppress the crack cocaine an officer found in a flashlight on Tully's person during a search to determine if he was armed. Finding no error, we affirm.

We find that the district court did not err in finding that the officer had a reasonable suspicion that the flashlight may have concealed a weapon. See United States v. Rusher, 966 F.2d 868, 973 (4th Cir. 1992). The testimony at the hearing showed that Tully was acting in an unusual manner ducking his head in and out of view while seated in the vehicle, the flashlight found in Tully's back pants pocket was unusually light, the flashlight did not turn on, Tully did not know if the flashlight contained batteries, and in the officer's experience he had seen weapons concealed in containers of this sort. We find that under the objectively suspicious circumstances, an officer may have believed his safety was in jeopardy, and therefore the crack cocaine found in the flashlight was admissible. See United States v. Sakyi, 160 F.3d 164, 169-70 (4th Cir. 1998); United States v. Baker, 78 F.3d 135, 137 (4th Cir. 1996), cert. denied, 66 U.S.L.W. 3455 (U.S. Jan. 12, 1998) (No. 97-912).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

2